Jennifer Rygiel-Boyd
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
jennifer.rygiel-boyd@odnss.com
Attorneys for Defendants 20/20 Communications, Inc.
d/b/a 20/20 Companies and Bose Corporation

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OMAR OROZCO,<br><br>                Plaintiff,<br><br>v.<br><br>2020 COMMUNICATIONS, INC., 2020 COMPANIES and BOSE CORPORATION<br><br>                Defendants. | *Civil Action*<br><br>**NOTICE OF REMOVAL** |

**TO:   CHIEF JUDGE AND JUDGES OF
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

    Thomas A. McKinney, Esq.
    CASTRONOVO & MCKINNEY, LLC
    71 Maple Ave.
    Morristown, New Jersey 07960

    Michelle M. Smith, Clerk
    The Superior Court of New Jersey
    Richard J. Hughes Justice Complex
    25 W. Market Street
    6th Floor North Wing
    Trenton, New Jersey 08611

    Clerk
    The Superior Court of New Jersey

Essex County Courthouse
50 West Market Street
Newark, New Jersey 07102

**HONORABLE JUDGES:**

Defendants 20/20 Communications, Inc. d/b/a 20/20 Companies ("20/20") and Bose Corporation ("Bose") (collectively, "Defendants") notice the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446 to the United States District Court for the District of New Jersey, and as grounds therefore shows as follows:

## TIMELINESS OF REMOVAL

1. On March 20, 2019, Plaintiff Omar Orozco ("Plaintiff") filed a civil action against Defendants in the Superior Court of New Jersey, Essex County, Law Division entitled *Omar Orozco v. 2020 Communications, Inc., et al.*, Docket No.: ESX-L-2140-19 (hereinafter referred to as "State Court Action"). *See* Complaint and Civil Case Information Statement collectively attached hereto as Exhibit A.

2. On April 16, 2019, Plaintiff served 20/20 and Bose by serving each of their register agent. This was the first service of the Complaint upon any Defendant. *See* the filed Certificates of Service collectively attached hereto as Exhibit B.

3. Accordingly, Defendants are timely filing this Notice of Removal within 30 days after service of the Complaint as required by 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL – FEDERAL QUESTION

4. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1331, which provides that, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

2

5. In his Complaint, Plaintiff asserts a claim for violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"). (Complaint, Count IV, ¶¶ 39 – 45.)

6. By asserting a claim under federal law, namely, the FMLA, Plaintiff's Complaint states a federal question under 28 U.S.C. §1331.

7. Accordingly, this case is removable pursuant to 28 U.S.C. §1441(a).

## BASIS FOR REMOVAL – SUPPLEMENTAL JURISDICTION

8. This Court has supplemental jurisdiction over Plaintiff's state law claims for violations of the New Jersey Law Against Discrimination ("LAD") – specifically, claims for disability discrimination, failure to accommodate, and retaliation. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause(s) of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

9. Here, Plaintiff's state law claims are transactionally related to the removable claims and arise out of a common nucleus of operative facts and, therefore, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

## BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

10. This action is properly removable under 28 U.S.C. §1441(b) because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions arising where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between … citizen(s) of different states." This is a separate basis for removal.

**Complete Diversity of Citizenship Exists.**

11. Plaintiff is a citizen of the State of New Jersey, and (according to her Complaint) resides in Bloomfield, New Jersey. (Complaint, p. 1, ¶1.)

12. 20/20 is not a citizen of the State of New Jersey. It is incorporated in Delaware and has its principal place of business in Fort Worth, Texas. Thus, 20/20 is a citizen of Delaware and Texas.

13. Bose is not a citizen of the State of New Jersey. It is incorporated in Delaware and has its principal place of business in Framingham, Massachusetts. Thus, Bose is a citizen of Delaware and Massachusetts.

14. Complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. §1441(b).

**The Amount in Controversy Exceeds $75,000.**

15. As explained below, the amount in controversy for Plaintiff exceeds the sum or value of $75,000.00, exclusive of interests and costs.

16. In his Complaint, Plaintiff has not pled a specific amount of damages. Instead, he seeks "back pay, front pay, pain and suffering and emotion distress… compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just." (Complaint, ¶¶ 23, 31, 38, 45 and p. 6.)

17. Where, as here, a complaint is silent on the amount in controversy, removal is proper unless it is a legal certainty that the plaintiff cannot recover the jurisdictional amount of $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

18. Compensatory damages may include back pay, front pay and emotional distress damages and, as such, the Court must consider each when determining whether the amount in controversy has been met.

19. As for his alleged lost wage damages (back pay and front pay), at the time of his termination on December 10, 2018, Plaintiff earned $20.90 per hour and worked approximately 32 – 40 hours per week and overtime. *See Sussman v. Capial One, N.A.*, 2014 WL 5437079, *4 (D.N.J. Oct. 24, 2014) ("The relevant time period for calculating an award of back pay begins with the date of the alleged wrongful termination and ends at the time of trial. Similarly, when calculating the front pay award, the jury must consider the expected future damages caused by a defendant's wrongful conduct from the date of judgment to retirement.") (citation omitted).

20. An award of emotional distress damages can be as high as several hundred thousand dollars. *See e.g., Munoz v. City of Perth Amboy Police Dept.*, 2009 WL 2244035 (App. Div. July 29, 2009) (*affirming* an award of $300,000 for emotional distress damages); *Mancini v. Township of Teaneck*, 349 N.J. Super. 527 (App. Div. 2002) (*affirming* awards of $500,000 and $125,000 for emotional distress damages).

21. Plaintiff is claiming entitlement to punitive damages. Because punitive damages are also recoverable in certain circumstances under the LAD, such damages must be considered in determining the amount in controversy. *See Frederico*, 507 F.3d at 199; *see also Zanger v. Bank of American, N.A.*, 2010 WL 3910142, *3-*4 (D.N.J. October 1, 2010) (holding that the amount in controversy was satisfied where a claim was only for approximately $16,000 in compensatory damages but punitive damages were also sought); *Granovsky v. Pfizer, Inc.*, 631 F. Supp.2d 554, 565 (D.N.J. 2009) ("The satisfaction of the amount in controversy requirement is even more likely when taking into account punitive damages sought by plaintiff.")

22. Additionally, Plaintiff seeks attorneys' fees, which are also recoverable under the LAD, and, therefore, must be considered in determining the amount in controversy. *See Frederico*, 507 F.3d at 199; *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.") As the Third Circuit found, "[f]ees could be as much as thirty percent of the judgment." *Id.*

23. Accordingly, based on the allegations in the Complaint, the amount in controversy exceeds the sum of $75,000.00.

## CONSENT

24. Under 28 U.S.C. §1446, all defendants in the State Court Action must consent to the removal.

25. Here, all Defendants consent to this removal.

## CONCLUSION

26. Defendants have not previously sought similar relief in this action.

27. To date, Defendants have not filed a responsive pleading in Plaintiff's State Court Action, and no other proceedings have transpired in that action.

28. In accordance with 28 U.S.C. §1446(d), copies of this Notice of Removal have been served upon Plaintiff and will be promptly filed with the Clerk of the Superior Court of New Jersey.

29. By removing this matter, Defendants do not waive, or intend to waive, any defense including but not limited to, insufficiency of process and insufficiency of service of process.

30. If any questions arise concerning the propriety of this removal, Defendants request that they be allowed to file a brief supporting removal and be heard in oral argument.

**WHEREFORE**, Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Essex County, Law Division to the United States District Court for the District of New Jersey.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for Defendants

Dated: May 15, 2019                             By: s/ Jennifer Rygiel-Boyd

38406551.1

# EXHIBIT A

**CASTRONOVO & McKINNEY, LLC**
Thomas A. McKinney (Attorney ID 022202003)
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Omar Orozco

| | |
|---|---|
| OMAR OROZCO, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION – ESSEX COUNTY |
| Plaintiff, | DOCKET NO: |
| v. | Civil Action |
| 2020 COMMUNICATIONS, INC., 2020 COMPANIES and BOSE CORPORATION, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Omar Orozco ("Plaintiff"), through his attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, any other damages available and costs of suit from Defendants, 2020 Communications, Inc., 2020 Companies, Bose Corporation, Regina Harris and Linda Wilson ("Defendants"), and alleges as follows:

## FACTS

**A.   Jurisdiction and Venue**

1.   Plaintiff resides in Bloomfield, New Jersey, Essex County.

2.   Defendants 2020 Communications, Inc. and 2020 Companies (collectively "Defendants 2020) have a principle place of business located at 3575 Lone Star Circle, Suite 200, Fort Worth, Texas 76177 and conducts business throughout the State of New Jersey.

3. Upon information and belief, Defendants 2020 conduct business in the State of New Jersey and have failed to properly register with the State of New Jersey to conduct business within the State of New Jersey.

4. Defendant Bose Corporation has a principal place of business located at 100 The Mountain Road, Framingham, Massachusetts 01701.

### B. Plaintiff's Employment

5. Plaintiff was employed by Defendants as a Showroom Experience Manager.

6. Plaintiff began working for Defendants in May 2016.

7. On December 10, 2018, Defendants terminated Plaintiff's employment.

### C. Defendants Discriminated Against Plaintiff on the Basis of His Disability

8. During his tenure with Defendants, Plaintiff demonstrated consistently strong performance and had good reviews.

9. Plaintiff suffers from the disability of anxiety and depression, of which Defendants were aware.

10. On December 4, 2018, Plaintiff emailed Defendant Wilson that his health was suffering due to his anxiety and depression and asked for accommodation to keep performing his work.

11. Also on December 4, 2018, Plaintiff emailed Defendant Harris advising her that his disability had recently become somewhat debilitating and asked for accommodation with work.

12. Defendant Harris responded later that morning, advising that there was nothing more she could do for him but that she was "willing to spend a few minutes discussing what other opportunities for help there are if you want."

13. On December 5, 2018, Plaintiff received disability and FMLA paperwork from Olivia Croft with Human Resources.

14. On December 6, 2016, Plaintiff called Ms. Croft to discuss his options for a leave of absence.

15. Unfortunately, before being allowed to complete this process with Human Resources, on December 10, 2018, Defendant Harris called Plaintiff and terminated his employment, purportedly due to performance.

16. This stated reason for termination is mere pretext for discrimination and retaliation, and is starkly inconsistent with Defendant Harris's praise for Plaintiff's performance in her December 4th email before Plaintiff pursued taking a disability leave of absence.

## COUNT I

### LAD - Disability Discrimination

17. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

18. Plaintiff had been satisfactorily performing his essential job functions before his disability and can do so now.

19. Defendants terminated Plaintiff because of his disability.

20. Defendants' termination of Plaintiff's employment constitutes an adverse employment action.

21. Defendants' actions constitute discrimination on the basis of Plaintiff's disability that violates the Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

22. Defendants' conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management.

3

23. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, and emotional distress.

## COUNT II

### LAD – Failure to Accommodate Disability/Interactive Process

24. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

25. Plaintiff is disabled due to anxiety and depression.

26. Plaintiff had been satisfactorily performing his essential job functions before his disability and can do so now with reasonable accommodations.

27. Defendants failed to provide Plaintiff with reasonable accommodations by terminating his employment.

28. Defendants' failure to accommodate Plaintiff's disability constitutes an adverse employment action.

29. Defendants' actions constitute discrimination on the basis of Plaintiff's disability that violate the Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

30. Defendants' conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management.

31. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, and emotional distress.

## COUNT III

### LAD – Retaliation

32. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

33. In requesting an accommodation, Plaintiff engaged in activity protected by the Law Against Discrimination.

34. Defendants' termination of Plaintiff's employment constitutes an adverse employment action by Defendant.

35. Defendants terminated Plaintiff's employment as a result of his exercise of his rights under the Law Against Discrimination.

36. Defendants' actions violate the Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

37. Defendants' conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management.

38. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, and emotional distress.

## COUNT IV

### FMLA – Interference with Rights

39. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

40. Defendants employ several hundred people across the country and in New Jersey and, therefore, is covered by the FMLA, 29 U.S.C. § 2601, et seq.

41. Plaintiff, having been a full-time employee of Defendants since May 2016 and was eligible for FMLA leave due to his disability.

42. In December 2018, Plaintiff informed Defendants of his need for medical leave.

43. Defendants' termination of Plaintiff's employment has interfered with the rights guaranteed to Plaintiff under the FMLA.

44. Defendants' conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management.

45. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, and emotional distress.

**WHEREFORE**, Plaintiff seeks judgment against Defendants on each count awarding him compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

CASTRONOVO & McKINNEY, LLC

Dated: March 20, 2019　　　　By:_____
　　　　　　　　　　　　　　Thomas A. McKinney
　　　　　　　　　　　　　　(Attorney ID 022202003)
　　　　　　　　　　　　　　Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

CASTRONOVO & McKINNEY, LLC

Dated: March 20, 2019　　　　By:_____
　　　　　　　　　　　　　　Thomas A. McKinney
　　　　　　　　　　　　　　(Attorney ID 022202003)
　　　　　　　　　　　　　　Attorneys for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Thomas A. McKinney as trial counsel in this action.

**CASTRONOVO & McKINNEY, LLC**

Dated: March 20, 2019

By:_____
Thomas A. McKinney
(Attorney ID 022202003)
Attorneys for Plaintiff

## RULE 4:5-1 CERTIFICATION

I hereby certify that this matter is not the subject of any other pending civil action or arbitration proceeding. I further certify that I know of no other parties who should be joined in this litigation at the present time.

**CASTRONOVO & McKINNEY, LLC**

Dated: March 20, 2019

By:_____
Thomas A. McKinney
(Attorney ID 022202003)
Attorneys for Plaintiff

7

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-002140-19

Case Caption: OROZCO OMAR VS 2020 COMMUNICATIONS, INC.
Case Initiation Date: 03/20/2019
Attorney Name: THOMAS A MC KINNEY
Firm Name: CASTRONOVO & MCKINNEY,LLC
Address: 71 MAPLE AVE
MORRISTOWN NJ 079600000
Phone:
Name of Party: PLAINTIFF : OROZCO, OMAR
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Hurricane Sandy related? NO
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/20/2019
Dated

/s/ THOMAS A MC KINNEY
Signed

ESX L 002140-19   03/21/2019 4:56:44 AM   Pg 1 of 1   Trans ID: LCV2019505184

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK            NJ 07102
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   MARCH 20, 2019
                        RE:     OROZCO OMAR  VS 2020 COMMUNICATIONS,  INC.
                        DOCKET: ESX L -002140 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STEPHEN L. PETRILLO

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (973) 776-9300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                   ATT: THOMAS A. MC KINNEY
                                   CASTRONOVO & MCKINNEY,LLC
                                   71 MAPLE AVE
                                   MORRISTOWN       NJ 07960

ECOURTS
```

# EXHIBIT B

OMAR OROZCO

**Plaintiff**

vs

2020 COMPANIES, ET AL

**Defendant**

20190415162649

Superior Court Of New Jersey

ESSEX Venue

Docket Number: ESX L 21406 19

**Person to be served** (Name and Address):
BOSE CORPORATION,
820 BEAR TAVERN RD
WEST TRENTON NJ 08628
By serving: CORPORATION TRUST COMPANY, RA.

**Attorney:** THOMAS A. MCKINNEY, ESQ.

**Papers Served:** SUMMONS, COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, DEMANDS, CERTIFICATION, REQUEST TO PRODUCE, NOTICE TO TAKE ORAL/VIDEO DEPOSITION, INTERROGATORIES

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

**Service Data:** [X] Served Successfully   [ ] Not Served

**Date/Time:** 4/16/2019 1:14 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

EBONY HILL

**PERSON AUTHORIZED TO ACCEPT SERVICE**

**Description of Person Accepting Service:**

SEX: F   AGE: 36-50   HEIGHT: 5'4"-5'8"   WEIGHT: 161-200 LBS.   SKIN: BLACK   HAIR: BLACK   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:   Date/Time: _____   Date/Time: _____   Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this
___17___ day of ___April___, 20___19___
Notary Signature: _Marilyn Mmm_
MARELYN MENESES
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 6, 2021

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_Jane Nunn_   4/17/2019
Signature of Process Server   Date

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

OMAR OROZCO

**Plaintiff**

VS

2020 COMPANIES, ET AL

**Defendant**

20190415161952

Superior Court Of New Jersey

ESSEX Venue

Docket Number: ESX L 21406 19

**Person to be served** (Name and Address):
2020 COMMUNICATIONS, INC.
PRINCETON SOUTH CORPORATE CTR., SUITE 160, 100 CHARLES EWING BLVD,
EWING NJ 08638
**By serving:** CORPORATION SERVICE COMPANY

**Attorney:** THOMAS A. MCKINNEY, ESQ.

**Papers Served:** SUMMONS, COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, DEMANDS, CERTIFICATION, REQUEST TO PRODUCE, NOTICE TO TAKE ORAL/VIDEO DEPOSITION, INTERROGATORIES

**Service Data:** [X] Served Successfully  [ ] Not Served

**Date/Time:** 4/16/2019 1:45 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

JOHNNIE MYERS

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX: M   AGE: 21-35   HEIGHT: 5'9"-6'0"   WEIGHT: 161-200 LBS.   SKIN: BLACK   HAIR: BLACK   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:    Date/Time: _____
                      Date/Time: _____
                      Date/Time: _____

**Other:**

**Served Data:**
Subscribed and Sworn to me this
___17___ day of ___April___, 20__19__
Notary Signature: _Marelyn Meneses_

MARELYN MENESES
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 6, 2021

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_Jane Nunn_      4/17/2019
Signature of Process Server    Date